IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES MUNLEY,

          Plaintiff,

vs.

Case No. 06-1268-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.

MEMORANDUM AND ORDER

      Plaintiff James Munley has applied for Social Security disability insurance and supplemental security income benefits. His application was denied by the ALJ on March 16, 2006, a decision affirmed by the Appeals Council on July 11, 2006. There are two allegations of error by Munley – first, that the Administrative Law Judge erred in assessing his credibility, and second, that the ALJ erred in discounting the opinion of a treating physician, Dr. Paul Klaassen.

      Plaintiff-claimant Munley has cited a variety of ailments, including irritable bowel syndrome (IBS) and gastro-intestinal reflux disease (GERD). The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 16-22), and discussed *seriatim* in the argument sections of Munley's brief (Dkt. No. 10, at 4-16) and the Commissioner's response (Dkt. No. 13, 2-12).

      The ALJ concluded that Munley had "medically determinable severe impairments" of IBS and GERD, as well as a history of asthma and obesity. (Tr. 18) However, the ALJ determined that

these impairments did not meet Listed Impairments in the applicable regulations. The ALJ then concluded that Munley retained the residual functional capacity (RFC) to lift or carry 25 pounds frequently and 50 pounds occasionally, to either stand, walk or sit for six hours during a normal workday – while refraining from repetitive bending, stooping, squatting, kneeling, and from occasional exposure to dust, smoke or fumes – and while staying close to a bathroom.

In the present appeal, Munley argues that the ALJ erred in discounting the credibility of his description of his condition. The ALJ did not err in discounting Munley's credibility. The assessment of a claimant's credibility is for the ALJ. *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1499 (10th Cir. 1992). This court will not substitute its judgment as to a claimant's credibility, where that finding is founded on substantial evidence. *See Casias v. Secretary of HHS*, 933 F.3d 799 (10th Cir. 1991). Here, the ALJ noted there was a conflict between Munley's description of his symptoms and other evidence, specifically, with his treatment notes recorded by his doctor, with this weight gain during the period in question, and with his actual level of daily activity.

> Although the claimant has reported 10 to 15 days a month with IBS symptoms, these are not reflected in the treatment notes. He alleged an onset in April 2003, with treatment notes in 2003 noting the condition to be somewhat stable. He visited the doctor four times in 2004. The records through December 2004 did not indicate significant problems with a notation in December 2004 that the claimant had IBS in the mornings about 1/3 of the time. He saw the doctor three times in 2005. His complaints worsened in December 2005 at which time he also stated that he had a pending disability hearing and requested a disability statement. He stated that he had 15 to 17 bad days a month with lots of BMs. However, his weight had increased to 292 pounds which is inconsistent with complaints of frequent bowel movements. These records also reflect that the claimant was able to attend college classes.
>
> A review of the work record indicates that the claimant lost his job at Rubbermaid in April 2003 which was not associated with his IBS. He then attempted to work as a computer support technician through June 2003. He stopped that job because he did not have the training necessary to do the work. Since that date, he has been taking computer related classes. He is able to reside in an RV on his parent's

> property. Despite his IBS complaints, he is able to use a port-a-pot in his RV. His daily activities are not significantly limited. He is able to care for his home and assist his parents in their home. He spends his day reading, watching television, playing the guitar, working on the computer and doing homework. Overall, the record does not indicate significant limitations in daily activities.
>
> ....
>
> The claimant has also stated that he has gained 30 to 40 pounds in the last 6 to 8 months despite an increase in bowel movements, which is not credible. A review of the record notes that when he weighed less in 2004, he had less complaints indicating he might be able to reduce his symptoms just by eating less. This was also supported by Dr. Klaassen in the treatment notes dated September 30, 2004 stating he should continue to get better with diet and exercise. He weighed 250 at that time (exhibit IF/12). Overall, the record does not indicate that the claimant has complied with this medical advice. The record also does not indicate that the claimant is particularly work motivated. He left his last job for reasons other than disability. He now resides in an RV on his parent's property. He has not married and has no children. The claimant noted that he is satisfied with his lifestyle which includes reading, watching television, playing the guitar, attending classes and working on the computer.

(Tr. 19-20).

Munley argues that the finding that he was not work-motivated is contradicted by evidence in the record showing his gross earnings, that he left his prior work because of IBS, (Tr. 66), that the classes he attended were not a part of a full day of classes, and that his daily activities were restricted. The court finds no error in the ALJ's conclusion. The role of the court is not to reweigh the claimant's credibility, but to determine if the factors relied upon by the ALJ were proper.

The court finds that the factors relied on by the ALJ in the present case were not improper. The plaintiff correctly points out that the college computer classes he attended were not a part of a full-day college course. However, his successful attendance of these courses remains relevant for issue of Munley's credibility of the nature of his frequent bowel activity. The classes Munley attended were longer than average college classes, lasting approximately an hour and a half, and, in

the case of one once-a-week class, lasting three hours. Munley's ability to successfully attend such classes stands in contrast to his subjective complaints, and the ALJ did not err in considering this as a factor in assessing his credibility.

Claimant cites *Pierce v. Apfel*, 21 F.Supp.2d 1274 (D. Kan. 1998) for the proposition that the ALJ should not have considered his limited attempts to seek medical treatment. In that case, the court concluded that a failure to seek treatment for fecal incontinence should not be used to assess the credibility of the claimant's subjective complaints where there was "no evidence presented at the hearing or in the record that plaintiff's health problems could be treated." 21 F.Supp.2d at 1279.

In the present case, by contrast, the record does *not* show that such attempts at treatment would be futile. Rather, the record shows optimism both by Dr. Klaassen and Munley that his condition could be remediated. Munley reported successful treatments from various treatments on November 3, 2003 (Zelnorm), January 8, 2004 (Zelnorm), September 9, 2004 (Axid), April 20, 2005 (Axid). (Tr. 118-119, 121, 157). The record shows that Munley tried to treat his symptoms with a wide variety of over-the-counter and prescription medications. Dr. Klaassen gave Munley a variety of medications, as well as recommendations for diet and exercise. Dr. Klaassen was hopeful for an improvement in Munley's condition, providing these recommendations were followed, reporting that Munley "should get better with diet and exercise as well." (Tr. 118).

This is not a case such as *Pierce v. Apfel*, where the court was faced with a record which failed to show any hope for successful treatment of fecal incontinence in the mid-1980s. Here the record repeatedly shows that Munley could and did obtain helpful medical advice during the relevant time. His failure to attempt to obtain anything beyond infrequent medical intervention was a legitimate factor in assessing his credibility. At the hearing, Munley testified that his use of Zelnorm

"didn't help at all." (Tr. 199). Dr. Klaassen's treatment notes show that Munley reported in November of 2003 that the drug "has been working well." (Tr. 121). The ALJ did not err in finding a conflict between Munley's subjective description of his condition and the medical evidence.

Munley also states that he left his previous job because of IBS rather than a lack of training. Munley does state in a form that he left his job after stomach trouble, but attributes this to stress which was in turn caused by a lack of training: "I was not properly trained for this job & the stress was too much. My stomach started acting up so I quit the job." (Tr. 66). The ALJ also noted that Munley's daily activities generally included a range of activities which contradicted his own subjective description of his condition. The court finds that in assessing Munley's credibility, the ALJ relied on a variety of legitimate factors, including his job history, his record of daily activities, and reasonable inferences from the record, and no error has been demonstrated.

Munley next contends that the ALJ erred in discounting the opinion of his treating physician, Dr. Klaassen. In his opinion, the ALJ noted that Dr. Klaassen's opinion that Munley could experience asthma attacks twice a month, which could prevent him from working.

> However, this is not supported in any of the treatment notes or supported by the claimant's testimony. The treatment notes indicate the asthma is controlled with only the occasional need for Albuterol without evidence of limitations. At the hearing, the claimant acknowledged that the asthma was controlled with medication without the need for physician intervention or hospital contact. In the statement, the doctor noted that the claimant would require bathroom breaks lasting longer than the normal 15 minutes. However, the claimant reported that while attending school, he would only need to leave the classroom for 5 to 15 minutes, but not over 15 minutes for such breaks. Finally, the doctor indicated the need to have 10 to 15 unscheduled days off work to accommodate the impairment. A review of the treatment notes does not indicate these types of limitations. The notes do not indicate significant limitations through December 2004. The claimant only presented to the doctor three times in 2005 without evidence that he would be limited to this degree. At the hearing, he stated that he drinks juice in the morning which cleans him out resulting in a good afternoon. Overall, the evidence indicates that the claimant does have some

limitations such as the need to be near a restroom as noted above, but this does not preclude all work activity.

(Tr. 20).

An ALJ may limit the weight accorded the opinion of a treating medical source where there are substantial grounds for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Here the ALJ legitimately noted a discordance between the conclusion offered by Dr. Klaassen and the treatment notes, which failed to reflect the subjective claim that Munley was then having 10 to 15 days of IBS symptoms per month. The treatment notes reflected successful mediation of Munley's asthma. Further, as reflected in the treatment notes, Dr. Klaassen never imposed such restrictive limitations on Munley's abilities. And the ALJ properly noted the contradiction between Dr. Klaassen's opinion and Munley's successful ability to attend lengthy college classes.

IT IS ACCORDINGLY ORDERED this 16th day of January, 2008 that the present appeal is hereby denied.

                                                                     s/ J. Thomas Marten
                                                                     J. THOMAS MARTEN, JUDGE